# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0843-18T4

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

S.T.,

      Defendant-Appellant,

and

T.K., Sr.,

      Defendant.

_____

IN THE MATTER OF
T.K, Jr. and I.K.,

      Minors.

_____

Submitted February 26, 2020 – Decided April 7, 2020

Before Judges Koblitz and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FN-09-0202-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Marc R. Ruby, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Dana L. Paolillo, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Melissa R. Vance, Assistant Deputy Public Defender, on the brief).

PER CURIAM

S.T.[1] appeals from a February 23, 2017 order entered in Essex County determining that she abused or neglected her then three-year-old son and one-year-old daughter in large part by spending extended unsupervised time with the children in October 2016, contrary to a provision of a March 26, 2015 order terminating litigation.[2]  Because the March 2015 order, entered by a Hudson

---

[1]  We use initials pursuant to Rule 1:38-3(d)(12).

[2]  After the February 2017 fact finding hearing, S.T.'s motion to transfer venue from Essex to Hudson County was granted due to a conflict posed by S.T.'s relative who worked for the Division in Essex County.  The court order noted that S.T. "has had an earlier . . . case transferred to Hudson County based on these same facts."

County judge, was entered by the court off the record with only the Deputy Attorney General present, we reverse.

New Jersey Division of Youth and Family Services (Division) investigative worker Natasha Daniels testified that the two young children were living with their father. S.T. had lost her parental rights to two older children due to her mental health problems. A March 2015 court order, entered before the younger child was born, afforded her only supervised visitation with the older child. Caseworker Jennifer Donahue testified that in October 2016, after looking for the family for about a month, she and another caseworker went to a daycare center where the son was present. They were informed that the little girl was no longer attending. When S.T. arrived at the daycare with the little girl, the caseworkers asked S.T. questions regarding her housing and her history with the Division. S.T. was evasive and uncooperative, became irate and began cursing at the daycare staff. She buckled the children into their car seats in her car and sped away rather than surrender the children to the Division workers. No other adult was with S.T. A day or two later, both children were located at

the daycare facility and removed by the Division.[3]  The daycare reported no issues concerning the children's care.

The Division sought a finding of abuse or neglect because, as the Deputy Attorney General said:

> Your Honor, it's simple.  [S.T.] wasn't supposed to have unsupervised parenting time with her children.  She was defying the court order.  She was putting her children at risk.  And for those reasons I'd ask the [c]ourt to make a finding of abuse and neglect under Title [Nine].

The factfinding judge stated that S.T. had a "long history with the Division" and a history of untreated mental illness.  She noted that the parents were uncooperative with the Division, adding: "And what is of particular concern to this [c]ourt is the violation of the court order of March [26]."  The judge said:

> You know, evidence of the mother's refusal to conform to this court ordered condition is not in [and] of itself abuse and neglect.  But it is an indication to this [c]ourt that mom is not capable or has no desire to follow the rules. That order made it very clear.  And to this [c]ourt it's only further evidence of her unwillingness to cooperate and act in a manner that was in the best interest of her children.

---

[3]  "Pursuant to N.J.S.A. 9:6-8.29, legislation sponsored by Senator Dodd, the Division is authorized to take custody of a child on an emergency basis in order to protect the child's safety."  N.J. Div. of Child Prot. & Permanency v. K.G., 445 N.J. Super. 324, 329 n.3 (App. Div. 2016).  The children were subsequently returned to the custody of both parents and the litigation dismissed in September 2018.

And I can't state it clear enough that order was very clear. Mom had counsel in that matter. I'm assuming she participated in that matter, and she still violated the order.

On appeal, S.T. argues that her violation of the March order by picking her children up from daycare did not constitute abuse or neglect, the trial judge should have granted an adjournment to allow S.T.'s sister to testify, and the judge erred in relying on S.T.'s history of mental illness when no competent evidence of her illness was admitted into evidence. We reverse based on the first issue raised and need not discuss the others.

We must "accord deference to factfindings of the family court because it has the superior ability to gauge the credibility of the witnesses who testify before it and because it possesses special expertise in matters related to the family." N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012). We may not "second-guess or substitute our judgment for that of the family court, provided that the record contains substantial and credible evidence to support" the family court's decision. Id. at 448-49.

Through the admission of "competent, material and relevant evidence," the Division must prove by a preponderance of the evidence that the child was abused or neglected. N.J.S.A. 9:6-8.46(b). In pertinent part, Title Nine provides the following definition:

"Abused or neglected child" means a child less than [eighteen] years of age . . . whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian, as herein defined, to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof . . . .

[N.J.S.A. 9:6-8.21(c)(4)(b).]

Our Supreme Court has discussed "what standard of care is codified by the phrase 'failure to exercise a minimum degree of care.'" G.S. v. Dep't of Human Servs., 157 N.J. 161, 178 (1999). The Court concluded that "'minimum degree of care' refers to conduct that is grossly or wantonly negligent, but not necessarily intentional." Ibid. "Essentially, the concept of willful and wanton misconduct implies that a person has acted with reckless disregard for the safety of others." Id. at 179. "[A] guardian fails to exercise a minimum degree of care when he or she is aware of the dangers inherent in a situation and fails adequately to supervise the child or recklessly creates a risk of serious injury to that child." Id. at 181.

"[A] parent or guardian's past conduct can be relevant and admissible in determining risk of harm to the child." N.J. Div. of Youth & Family Servs. v.

6

I.H.C., 415 N.J. Super. 551, 573 (App. Div. 2010). A new finding of abuse or neglect may not, however, rely solely on a parent's history.

We recently emphasized that all proceedings in children in court cases that result in an order must be held on the record. N.J. Div. of Child Prot. & Permanency v. P.O. & M.C.D., 456 N.J. Super. 399, 409 (App. Div. 2018). Although the Essex County factfinding judge assumed that the March 2015 order restricting S.T.'s contact with her child was entered after S.T.'s participation with the assistance of counsel, the Hudson County March order, which was introduced into evidence at the factfinding hearing, on its face belies those assumptions. The order states in capital letters: "MATTER NOT HEARD ON THE RECORD." It reflects that no parent, defense lawyer or law guardian was present, and that the order was entered with the Deputy Attorney General present based on the Division's letter of the previous day. The order awards sole legal and physical custody of the child to his father, affording the mother "supervised visits" with no provision for eventual unsupervised contact should conditions change.

The record not only fails to demonstrate that she was given an opportunity to be heard prior to the March 26, 2015 order, it also fails to substantiate that S.T. was given notice of the supervision requirement.

A-0843-18T4

Under these circumstances, the record does not contain substantial and credible evidence that S.T. abused or neglected either of her two young children. We reverse, without opining on whether the violation of a court order in other circumstances might constitute evidence of abuse or neglect. The Division should ensure that if S.T.'s name is on the Child Abuse Registry[4] due to this factfinding, her name is removed. See N.J. Dep't of Children & Families v. L.O., 460 N.J. Super. 1, 11-14 (App. Div. 2019) (describing the consequences of a finding of abuse or neglect while holding that a parent is entitled to counsel at an administrative factfinding).

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] See N.J.S.A. 9:6-8.11.